UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOREEN SUTTLES,

                Plaintiff,

v.                                              8:14-CV-0581
                                              (GTS/WBC)

CAROLYN COLVIN
Comm'r of Soc. Sec.,

                Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

OFFICE OF MARK A. SCHNEIDER          MARK A. SCHNEIDER, ESQ.
  Counsel for Plaintiff
57 Court Street
Plattsburgh, NY 12901

U.S. SOCIAL SECURITY ADMIN.            HEETANO SHAMSOONDAR ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Doreen Suttles ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), is the Report and Recommendation of United States Magistrate Judge William B. Mitchell Carter, filed on October 27, 2015, recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted. (Dkt. No. 16.) For the reasons set forth below, the Report and Recommendation is accepted and adopted.

I.       PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes five arguments in objection to Magistrate Judge Carter's Report and Recommendation. First, Plaintiff argues that Magistrate Judge Carter's recommendation that the ALJ properly weighed the medical opinion evidence of record should be rejected because the ALJ afforded too much weight to the opinions of the consultative examiners and not enough weight to the opinion of Plaintiff's treating pulmonologist, in violation of the treating physician rule. (Dkt. 17 at 1, 3.) Second, Plaintiff argues that Magistrate Judge Carter's recommendation that the ALJ properly evaluated Plaintiff's credibility should be rejected because (1) the ALJ did not adequately explain how Plaintiff was not a credible witness, (2) the ALJ relied on the improper basis that Plaintiff did not stop smoking to discredit her testimony, (3) no treating source opined that Plaintiff exaggerated or was dishonest about her symptoms or impairments, and (4) Plaintiff's testimony was consistent with the records. (*Id.* at 1, 3-4.)

Third, Plaintiff argues that Magistrate Judge Carter's recommendation that the ALJ properly determined that Plaintiff is not disabled as a result of her combined impairments should be rejected because (1) the great weight of the evidence indicates that Plaintiff is unable to perform any work on a full-time, sustained basis, (2) the ALJ failed to develop the record by not ruling out Plaintiff's learning disorder identified by Dr. Hartman, and (3) the Report and Recommendation erred in its application of the substantial evidence test because the record was incomplete. (*Id.*) Fourth, Plaintiff argues that Magistrate Judge Carter's recommendation that the Appeals Council properly found that Dr. Liotta's evaluation did not provide a basis for changing the ALJ's decision should be rejected because the intelligence quotient (IQ) test

performed by Dr. Liotta was new and material evidence concerning Plaintiff's borderline intellectual functioning. (*Id.*) Fifth, and finally, Plaintiff argues that Magistrate Judge Carter's step five recommendation should be rejected because the Commissioner did not meet her burden to prove that Plaintiff could perform other work in the national economy. (*Id.* at 1.)

## II. DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS

Generally, Defendant makes six arguments in her response. First, Defendant argues that Plaintiff's objections repeat arguments from her initial brief and that Magistrate Judge Carter's Report and Recommendation should be adopted because it is well reasoned and contains no clear errors. (Dkt. No. 18 at 3-4.) Second, Defendant argues that Magistrate Judge Carter's recommendation that the ALJ properly assessed the medical opinion evidence should be accepted. (*Id.* at 4-5.) Third, Defendant argues that Magistrate Judge Carter's recommendation that the ALJ properly evaluated Plaintiff's credibility should be accepted. (*Id.* at 5.) Fourth, Defendant argues that Magistrate Judge Carter's recommendation that the ALJ's RFC determination is supported by substantial evidence should be accepted. (*Id.* at 5-6.) Fifth, Defendant argues that Magistrate Judge Carter's recommendation that the Appeals Council properly found that Dr. Liotta's evaluation did not provide a basis for changing the ALJ's decision should be accepted. (*Id.* at 6.) Sixth, and finally, Defendant argues that Magistrate Judge Carter's recommendation that the ALJ's step five finding is supported by substantial evidence should be accepted. (*Id.* at 6-7.)

## III. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report

3

and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C).  "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

## IV. ANALYSIS

The Court agrees with Defendant and finds that Plaintiff's objections simply reiterate her arguments presented in her initial brief. (*Compare* Dkt. No. 11 *with* Dkt. No. 17.) Therefore the Court reviews the portions of Magistrate Judge Carter's Report and Recommendation addressed in Plaintiff's objections for clear error only. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 16.) As a result, the Report and Recommendation is accepted and adopted in its entirety, and Defendant's decision is affirmed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: November 19, 2015
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge